UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. MICHAEL WAGES, <br><br> Petitioner, <br><br> v. <br><br> DON HULICK, Warden, <br><br> Respondent. | No. 06 C 6086 <br><br> Judge Ruben Castillo |

## MEMORANDUM OPINION AND ORDER

Illinois prisoner Michael Wages ("Petitioner") is serving a life sentence for two counts of first degree murder. On November 7, 2006, he filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"). Respondent moves to dismiss (R. 9), arguing that the Petition is time-barred. For the reasons stated below, the motion is granted, and the Petition is dismissed.

### BACKGROUND & PROCEDURAL HISTORY

In June 1991, following a jury trial, Petitioner was found guilty of shooting to death Derrick Reliford and Ricky Johnson at a playground on Chicago's south side. (R. 11, Ex. A, Certified Statement of Conviction at 5.) He was sentenced to a term of life imprisonment. (*Id.*) He appealed, and on April 8, 1994, the appellate court affirmed his conviction and sentence. (*Id.*, Ex. B, *People v. Wages*, 633 N.E.2d 855 (Ill. App. Ct. Apr. 8, 1994).) Petitioner thereafter filed a petition for leave to appeal before the Illinois Supreme Court, which was denied on October 6, 1994. (*Id.*, Ex. C, Petition & Ex. D, *People v. Wages*, 642 N.E.2d 1299 (Ill. Oct. 6, 1994)

1

(Table). He then filed a petition for certiorari with the United States Supreme Court, which was denied on October 7, 1996. (*Id.*, Ex. E, *Wages v. Illinois*, 519 U.S. 888 (1996).)

During the pendency of his direct review, Petitioner on December 30, 1994, filed a *pro se* post-conviction petition with the state trial court.[1] (R. 1, Petition, Ex. A(6), *Pro Se* Pet. for Post-Conviction Relief.) He was subsequently appointed counsel to represent him in the post-conviction proceeding, and on April 26, 2000, counsel filed an amended post-conviction petition. (*Id.*, Ex. A(6), Am. Petition for Post-Conviction Relief.) Following an evidentiary hearing, the trial court on October 3, 2002, denied the amended petition. (*Id.*, Ex. A(9), Report of Proceedings dated Oct. 3, 2002.) Petitioner appealed to the Illinois Appellate Court, which affirmed on November 17, 2004. (R. 11, Ex. F, *People v. Wages*, No. 1-02-3581 (Ill. App. Ct. Nov. 17, 2004).) He then filed a petition for leave to appeal with the Illinois Supreme Court, which was denied on March 30, 2005. (*Id.*, Ex. H, *People v. Wages*, 830 N.E.2d 8 (Ill. Mar. 30, 2005) (Table).) Finally, he filed a petition for certiorari to the United States Supreme Court, which was denied on November 7, 2005. (*Id.*, Ex. I, *Wages v. Illinois*, 126 S. Ct. 620 (2005).)

Exactly one year after the United States Supreme Court's denial, Petitioner filed through his counsel this federal habeas petition pursuant to 28 U.S.C. § 2254. (R. 1, Petition.) Respondent argues that the Petition is untimely because the statute of limitations ran one year from the Illinois Supreme Court's order, not one year from the date of the United States Supreme Court's order. (R. 9, Def.'s Mot. to Dismiss at ¶¶ 9-11.) Petitioner concedes that his Petition is

---

[1] This was the date Petitioner signed the petition; it is unknown exactly when the petition was formally filed with the state trial court. The earlier date should be used for purposes of calculating the limitations period. *See Jones v. Bertrand*, 171 F.3d 499, 502 (7th Cir. 1999) (mailbox rule governs timing of pleadings filed by *pro se* petitioners for statute of limitation purposes in § 2254 cases).

untimely under *Lawrence v. Florida*, 127 S. Ct. 1079, 1082 (2007), but nevertheless requests that this Court apply equitable tolling principles to excuse his untimely filing. (R. 19, Pet.'s Resp. at 2.)

## ANALYSIS

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets a one-year statue of limitations for seeking federal habeas corpus relief from a state-court judgment. 28 U.S.C. § 2244(d)(1); *Lawrence*, 127 S. Ct. at 1082. This rule "serves the well-recognized interest in the finality of state court judgments" and "reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review." *Duncan v. Walker*, 533 U.S. 167, 179 (2001). The limitations period starts running at the conclusion of direct review, 28 U.S.C. § 2244(d)(1)(A), but is tolled while a state prisoner seeks post-conviction relief in state court: "The time during which a properly filed application for State post-conviction or other collateral review with respect to pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The clock begins to run again at the conclusion of the state court post-conviction proceedings; the limitations period is *not* tolled during the pendency of a petition for certiorari to the United States Supreme Court seeking review of a denial of state post-conviction relief. *Lawrence*, 127 S. Ct. at 1086.

Here, Petitioner's direct review concluded in October 1996. (R. 11, Ex. E, *Wages v. Illinois*, 519 U.S. 888 (1996).) At that time, however, Petitioner already had pending a state petition for post-conviction relief. (R. 1, Petition, Ex. A(6), *Pro Se* Pet. for Post-Conviction Relief.) The limitations period was thus tolled until the conclusion of the state post-conviction

3

proceedings, which occurred on March 30, 2005, when the Illinois Supreme Court entered its order denying his petition for leave to appeal. *See Lawrence*, 127 S. Ct. at 1086. The deadline for filing the § 2254 petition was one year from that date. This Petition, filed on November 7, 2006, was therefore untimely.

Petitioner concedes that the Petition was untimely, but argues that confusion in the law prior to *Lawrence* warrants the application of equitable tolling principles to his case. (R. 19, Pet.'s Resp. at 2.) It is an open question whether 28 U.S.C. § 2244(d) allows for equitable tolling at all. In *Lawrence*, the Court assumed without deciding that, at least in theory, equitable tolling principles remain available to federal habeas petitioners. *Lawrence*, 127 S. Ct. at 1085; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 n. 8 (2005) (assuming without deciding that equitable tolling applies since petitioner was not entitled to equitable tolling in any event). We will employ that same assumption here, but conclude that Petitioner has not met the high standard necessary for equitable tolling to apply.

To qualify for equitable tolling, Petitioner must show that: (1) he has been diligently pursuing his rights; and (2) some extraordinary circumstance stood in his way and prevented a timely filing. *Lawrence*, 127 S. Ct. at 1085. Equitable tolling is "granted sparingly" and "only when extraordinary circumstances far beyond the litigant's control . . . prevented timely filing." *Wilson v. Battles*, 302 F.3d 745, 749 (7th Cir. 2002) (internal quotation marks and citation omitted); *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006) (observing that equitable tolling is "rarely granted"). The Seventh Circuit has held on numerous occasions that mistakes, ignorance of the law, or miscalculation of the statute of limitations do not warrant equitable tolling. *Williams v. Sims*, 390 F.3d 958, 962 (7th Cir. 2004) ("even reasonable mistakes of law are not a

basis for equitable tolling"); *Johnson v. McCaughtry*, 265 F.3d 559, 566 (7th Cir. 2001) ("Generally, a lawyer's mistake is not an extraordinary circumstance justifying the application of equitable tolling."); *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (refusing to grant equitable tolling where error resulted in petitioner's claim being filed one day late). As the Court has recognized, "[P]ermitting equitable tolling of a statute of limitation for every procedural or strategic mistake by a litigant (or his attorney) would render such statutes of no value at all to persons or institutions sued by people who don't have good, or perhaps any, lawyers." *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006).

Here, Petitioner argues that his untimely filing should be excused because prior to *Lawrence*, the Seventh Circuit had not decided whether a certiorari petition would toll the limitations period under § 2244(d)(2). He points to a Sixth Circuit opinion from 2003 holding that a petition for certiorari does toll the limitations period under § 2244(d)(2). (R. 19, Pet.'s Resp. at 6.) According to Petitioner, the "unsettled law" on this issue constitutes "extraordinary circumstances" warranting equitable tolling. (*Id.*)

Petitioner is correct that there was no pre-*Lawrence* case law in the Seventh Circuit expressly deciding whether a petition for certiorari tolled the limitations period under § 2244(d)(2). In *Gutierrez v. Schomig*, 233 F.3d 490, 492 (7th Cir. 2000), the Seventh Circuit determined that the limitations period was not tolled during the time a state post-conviction petitioner could have filed, but did not file, a petition for certiorari with the United States Supreme Court. *Id.* Because in that case the petitioner had not filed a petition for certiorari, the Court did not reach the issue of whether a properly filed petition for certiorari would toll the limitations period. *Id.*

5

As the *Gutierrez* court itself observed, however, numerous courts around the country had already concluded that a petition for certiorari does not toll the limitations period under § 2244(d)(2). *See id.* (collecting cases). Indeed, every Circuit to consider the issue prior to *Lawrence*—with the exception of the Sixth Circuit—determined that a petition for certiorari did not toll the limitations period. *See Miller v. Dragovich*, 311 F.3d 574 (3d Cir. 2002); *White v. Klitzkie*, 281 F.3d 920 (9th Cir. 2002); *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000); *Rhine v. Boone*, 182 F.3d 1153 (10th Cir. 1999); *Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999). These courts, as well as the Court in *Lawrence*, reasoned that the phrase "a properly filed application for State post-conviction or other collateral review" applies only to post-conviction proceedings that occur in *state* court. Read naturally, the statute does not toll the time during which relief is sought in the United States Supreme Court, or any other federal court. *See Lawrence*, 127 S. Ct. at 1083. There is nothing particularly surprising about the rule adopted in *Lawrence*; indeed, the Court's earlier cases foretell a determination that § 2244(d)(2) permits tolling only while post-conviction proceedings are occurring in state court. *See Carey v. Saffold*, 536 U.S. 214, 219-220 (2002) (post-conviction petition remains "pending" under § 2244(d)(2) "until the application has achieved final resolution through the *State's* post-conviction procedures") (emphasis added); *Duncan*, 533 U.S. at 175 (holding that the word "State" modifies both the terms "post-conviction" and "other collateral review," such that § 2244(d)(2) does not toll time during which federal petition is pending).

Petitioner is correct that prior to *Lawrence*, the Sixth Circuit in *Abela v. Martin*, 348 F.3d 164, 172 (6th Cir. 2003) (en banc), held that a petition for certiorari tolls the limitations period under § 2244(d)(2). Notably, however, this was a departure from the rule adopted by all the

other Circuits that had addressed the issue, and further, *Abela* was decided by a divided court; five of the eleven judges dissented, concluding that the majority's position "has been repudiated by all the other Circuits which have interpreted this statute and is a stretch of the law." *Abela*, 348 F.3d at 173 (Siler, J., dissenting).

Given the uncertain state of the law prior to *Lawrence*, and the fact that the Seventh Circuit never held that a petition for certiorari *would* toll the limitations period, Petitioner did not exercise diligence in relying on an out of Circuit (and outlier) case, waiting until the very last moment to file his Petition. The Seventh Circuit has directed that if a petitioner or his attorney are uncertain about the statute of limitations, they should file by the earliest possible deadline, not the latest. *Wilson*, 302 F.3d at 748 ("good faith confusion" over filing deadline did not warrant equitable tolling). Petitioner did not heed that directive. Further, even if Petitioner was awaiting a decision from the United States Supreme Court before filing his federal habeas petition (an improper move, as we learned in *Lawrence*), the Court denied his petition for certiorari in November 2005. This still left him four months—until March 2006—to file a timely habeas petition. This Court is not aware of any reason why, had he acted diligently, he could not have done so.

Under these circumstances, the Court is not persuaded that Petitioner is entitled to equitable tolling.

## CONCLUSION

For the reasons stated above, Respondent's motion to dismiss (R. 9) is granted and the Petition (R.1) is dismissed.

ENTERED: /s/ Ruben Castillo

**Judge Ruben Castillo**
**United States District Court**

**Dated: September 6, 2007**